STATE OF NORTH CAROLINA v. ROGER WALLS

No. 7222SC803

(Filed 20 December 1972)

**Criminal Law § 155.5— failure to docket record in apt time — dismissal of appeal**

Appeal is subject to dismissal where the record on appeal was not docketed within the time allowed by an order which had extended the time for docketing. Court of Appeals Rules 5 and 48.

APPEAL by defendant from *Wood, Judge,* 24 April 1972 Session of Superior Court held in DAVIDSON County.

Defendant was charged in a bill of indictment with (1) the felony of breaking or entering a motor vehicle with intent to commit larceny therein, (2) larceny after feloniously breaking or entering a motor vehicle, and (3) receiving stolen goods knowing them to have been feloniously stolen.

One Billy Ray Davis testified for the State that he, the defendant, and one Brown went into the parking lot at the Young-Hinkle plant for the purpose of stealing something of value from one of the cars. They unlocked a car by inserting a piece of wire between the door windows and raising the door lock. They took two tapes from the car and had started loosening the bolts on the tape player when they saw someone watching them from the roof of the building. All of them ran away.

Deputy Epley testified that he questioned Davis shortly thereafter, and the deputy testified to substantially the same statements as given by Davis in court. In addition, the deputy testified that he ran a license check on the automobile, and determined that it belonged to Mr. Thomas Snyder. Deputy Epley further testified that he observed the tape player lying on the floorboard of the car. He also found the two tapes in a nearby barn where Davis said he had thrown them when he ran from the scene.

The jury returned a verdict of guilty of breaking and entering an automobile as charged in the (1st count) bill of indictment. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Conely, for the State.*

*William B. Mills, for the defendant.*

BROCK, Judge.

The judgment appealed from in this case is dated 27 April 1972, and appeal entries are dated the same date as the judgment. Defendant obtained a proper order extending time within which to docket the record on appeal in the Court of Appeals to, and including, the maximum time allowed under Rule 5, Rules of Practice in the Court of Appeals. The maximum time expired on 24 September 1972; however, the record on appeal was not docketed in this Court until 2 October 1972. For failure to comply with the rules of this Court, the appeal is subject to dismissal. Rule 48, Rules of Practice in the Court of Appeals.

---

Nevertheless, we have examined defendant's properly preserved exceptions and assignments of error. Also, we have reviewed the record proper. In our opinion defendant had a fair trial, free from prejudicial error.

Appeal dismissed.

Judges CAMPBELL and GRAHAM concur.